## John F. Devine, Administrator, Appellee, v. Louis Owsley, Receiver, Appellant.

### Gen. No. 14,879.

CONTRIBUTORY NEGLIGENCE—*when person injured upon railway tracks guilty of.* A person injured while upon railway tracks is guilty of contributory negligence which bars a recovery if while walking on such tracks he fails to keep vigilant watch by turning back to see or remaining alert to hear the approach of trains.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed February 15, 1910. Rehearing denied March 4, 1910.

CLARENCE A. KNIGHT and OLIVER R. BARRETT, for appellant.

J. K. McMAHON and JOHN T. MURRAY, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

The jury rendered a verdict of guilty in this case and assessed the plaintiff's damages at $8,000. A *remittitur* was required by the trial judge, who rendered judgment for $5,000.

That Patrick O'Keefe was killed by defendant's car is settled; that defendant was guilty of negligence will be assumed. We shall have to consider but one of the many questions raised by appellant, inasmuch as the judgment of this court is necessitated by our opinion thereon.

Was the deceased guilty of contributory negligence? Patrick O'Keefe, aged forty-six, had left Fort Smith, Ark., on January 29, 1907, for Chicago to promote a patent. He had stopped down town at the Brevoort House. The evidence is overwhelming that he was often under the influence of liquor or drugs and was in great financial difficulties. His arms gave every

indication of frequent use of hypodermic injections. His wife in a letter to him dated Feb. 5, 1907, expressed the fear that he was drinking and implored him to desist. His sight and hearing were good.

On February 11, 1907, between 10:30 and 11 o'clock, a cold, dark, moonless night, at or near the intersection of Harrison and Walnut streets, a sparsely settled region in the extreme western outskirts of the city, defendant's car, traveling west at the rate of twenty miles an hour, struck and killed the deceased. His body was lying just in front of the rear truck, untouched by the wheels. Whether he was walking west in the car tracks, as was testified to by defendant's witnesses and, in our judgment, as was proven by all the evidence, or was crossing the tracks at Walnut street—a street only in name and distinguishable from the surrounding property only by a path—as claimed by appellee's counsel, is immaterial. There was no obstruction of any kind on Harrison street or on Walnut street that could have prevented the deceased from seeing the approaching car at least a mile away. The headlight was good, with a nickel reflector. A street lamp at the corner was lighted. Moreover the testimony is clear that the noise of the car was plainly audible for at least half a block away, and that the gong sounded loud and continuously from the time that the car was 75 to 100 feet away from the deceased. There were no other disturbing noises of any kind. We need not conjecture whether O'Keefe deliberately committed suicide or had so completely drugged himself as to have dulled his power to see or to hear and completely to have dazed him. We cannot, however, find any explanation of his position in relation to the car consistent with the exercise of due care on his part.

Walking in the car tracks, even though the space between the east and west bound tracks was broad and good enough, would not in itself prove contributory negligence, especially where, as here, because there was a sidewalk but for a very short distance and the

roadway north and south of the outer tracks was poor, it was customary to walk in or near the tracks. We should not hold that walking west in the west-bound track at night was in itself negligent, because the traveler might well rely on his sense of hearing or on his ability to glance back from time to time. But walking in this track without keeping vigilant watch, by turning back to see or remaining alert to hear is, in our judgment, such contributory negligence as must bar a recovery.

And to attempt to cross a track in such a region at such a time, with the car in full sight and hearing, is even greater negligence.

The judgment will be reversed.

*Reversed.*